IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gerard A. Powell, Vincent Trapasso, and Christopher Dyjak,<br><br>               Plaintiffs,<br><br>v.<br><br>My Choice Medical Holdings, Inc.,<br><br>               Defendant. | Case No. 08-cv-2511 |

## MY CHOICE MEDICAL HOLDINGS, INC.'S
## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, My Choice Medical Holdings, Inc. ("My Choice Medical"), hereby responds to the complaint of Gerard A. Powell, Vincent Trapasso, and Christopher Dyjak ("Plaintiffs") as follows:

### CIVIL ACTION

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted in part and denied in part. My Choice Medical admits that it is a Delaware corporation and that it regularly does business within Montgomery County, Pennsylvania. The remaining allegations of Paragraph 4 are denied. By way of further answer, My Choice Medical's principal place of business is located in Alpharetta, Georgia.

5. Admitted in part and denied in part. My Choice Medical admits that on or about December 22, 2004, each of the Plaintiffs entered into an Employment Agreement with My Choice Medical Acquisition Sub, Inc., the predecessor to My Choice Medical. These Employment Agreements speak for themselves and, therefore, My Choice Medical denies Plaintiffs' characterizations of the Employment Agreements.

6. Admitted in part and denied in part. My Choice Medical admits that on or about July 1, 2007, each of the Plaintiffs entered into an Agreement with My Choice Medical, which amended each of Plaintiffs' December 22, 2004 Employment Agreements. These Agreements speak for themselves and, therefore, My Choice Medical denies Plaintiffs' characterizations of the Agreements.

7. Admitted.

8. Denied. My Choice Medical denies Plaintiffs' characterization of the Employment Agreements, as amended. The documents speak for themselves.

9. Admitted.

10. Denied. My Choice Medical denies Plaintiffs' characterizations of the Agreements. The documents speak for themselves.

11. Denied. By way of further answer, on or about May 2007, Johnson discussed discontinuing the F2 loans with Plaintiff Powell and Powell agreed.

12. Denied.

13. Denied.

14. Denied.

15. Admitted in part and denied in part. It is admitted that, on or about July 9, 2007, My Choice Medical resumed making F2 loans and that Johnson discussed the decision to resume making F2 loans with Plaintiff Powell. By way of further answer, Johnson and Powell agreed that My Choice Medical would resume making the F2 loans. The remaining allegations of Paragraph 15 call for legal conclusions to which no response is required. To the extent a response to the remaining allegations is required, they are denied.

16. Admitted in part and denied in part. It is admitted that the F2s were shut down for approximately two months. The remaining allegations of Paragraph 16 are denied.

17. Denied.

18. Admitted in part and denied in part. My Choice Medical admits that Plaintiffs have demanded bonuses from My Choice Medical, that the threshold was not met, and that the bonuses have not been paid. The remaining allegations in Paragraph 18 are denied.

19. Denied.

20. Denied.

21. Denied. The allegations in Paragraph 21 call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

22. Denied. The allegations in Paragraph 22 call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23. Denied. The allegations in Paragraph 23 call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24. Admitted in part and denied in part. My Choice Medical admits that Plaintiffs have demanded bonuses from My Choice Medical and that the bonuses have not been paid. The

remaining allegations of Paragraph 24 are denied.  By way of further answer, the threshold was not met and therefore Plaintiffs were not entitled to the bonuses.

25.   Denied.  The allegations of Paragraph 25 call for legal conclusions to which no response is required.

26.   Denied.  The allegations of Paragraph 26 call for legal conclusions to which no response is required.

27.   Denied.  The allegations of Paragraph 27 call for legal conclusions to which no response is required.

28.   Denied.  The allegations of Paragraph 28 call for legal conclusions to which no response is required.

29.   Denied.  The Employment Agreements speak for themselves and, therefore, My Choice Medical denies Plaintiffs' characterizations of the Employment Agreements.

30.   Denied.  The Employment Agreements speak for themselves and, therefore, My Choice Medical denies Plaintiffs' characterizations of the Employment Agreements.

31.   Denied.  By way of the further answer, Plaintiffs' Employment Agreements speak for themselves and, therefore, My Choice Medical denies Plaintiffs' characterization of the Employment Agreements.

32.   Denied.  The Employment Agreements speak for themselves and, therefore, My Choice Medical denies Plaintiffs' characterizations of the Employment Agreements.

33.   Denied.  The allegations in Paragraph 33 call for legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

34. Denied. The allegations in Paragraph 34 call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. Denied. The allegations in Paragraph 35 call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

36. Denied. The allegations in Paragraph 36 call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because My Choice Medical did not breach the Employment Agreements.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred because the decisions to discontinue and then resume the F2s were privileged, made in good faith, and legitimate business decisions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to the statute of frauds and/or the parol evidence rule.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because My Choice Medical is entitled to set-off amounts owed to My Choice Medical by Plaintiffs against amounts allegedly owed to Plaintiffs under the Employment Agreements.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

## ADDITIONAL AFFIRMATIVE DEFENSES

My Choice Medical hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this case and hereby reserves all rights to assert such defenses.

**WHEREFORE**, My Choice Medical Holdings, Inc. respectfully requests that judgment be entered in its favor against Plaintiffs, together with all costs, attorneys' fees, and such other relief as the Court deems just.

May 30, 2008                                   BY:

                                               _____
                                               Steven B. Feirson, Esquire (21357)
                                               Michael Doluisio, Esquire (75060)
                                               John V. Donnelly III, Esquire (93846)
                                               Michael J Newman, Esquire (204122)
                                               **DECHERT LLP**
                                               Cira Centre
                                               2929 Arch Street
                                               Philadelphia, PA  19104
                                               (215) 994-4000

                                               *Attorneys for Defendant My Choice Medical Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of May, 2008, caused a true and correct copy of the foregoing to be served upon the following via U.S. Mail, postage prepaid:

>Gilbert B. Abramson, Esq
>Gilbert B. Abramson & Associates, LLC
>The Widener Building, Suite 510
>1339 Chestnut Street
>Philadelphia, PA 19107
>(215) 988-7205

Attorney for Plaintiffs

_____
Michael Doluisio